THE KUSTERER BREWING COMPANY v. JAMES FRIAR AND MARTIN FRIAR.

*Account stated.*

Where, in a suit by a brewing company to recover the balance claimed to be due on an account covering a term of years, the

evidence conclusively shows that the defendant agreed to pay for the beer what other breweries charged, which is shown to have been $6 per barrel, the mere rendering of a statement of the account from time to time, and entries in the pass-book of the defendant, at a greater price, will not make an account stated, nor fix and determine the price of the beer at the sum charged therefor.[1]

Error to Kent. (Adsit, J.) Argued January 4, 1894. Decided February 27, 1894.

*Assumpsit.* Defendants bring error. Reversed, and judgment entered in this Court in favor of plaintiff for

---

[1] For cases bearing upon the nature and essential elements of an account stated, the persons bound thereby, the manner of pleading it as a defense in equity, and the admissibility and effect of evidence offered to establish it, see:

1. *Graham v. Chubb*, 39 Mich. 417, holding that an account stated need not cover all dealings, or dealings on both sides.

2. *Watkins v. Ford*, 69 Mich. 357, holding that an account stated means a balance struck between the parties on a settlement, and need not of necessity be in writing.

3. *Fellows v. Thrall*, 85 Mich. 161, holding that an essential element of an account stated is a statement of the account.

4. *Fish v. Morse*, 8 Mich. 34, holding that the estate of a deceased person is not bound by an account stated with the administrator.

5. *Schwarz v. Wendell*, Har. Ch. 395, 400, holding that a plea of an account stated to a bill for an accounting should aver that the accounts settled all dealings between the parties, and that they were just and fair and due, which averments should be supported by an answer to the same effect.

6. *Stevens v. Tuller*, 4 Mich. 388, holding:

*a*—That it is not necessary, in support of an account stated, to show the nature of the original transaction or indebtedness, or to give the items constituting the account.

*b*—That any admission by one party to another that a sum of money is due the latter is sufficient *prima facie* evidence to warrant a recovery under this count.

7. *Gooding v. Hingston*, 20 Mich. 439, holding that the record of a foreign judgment in favor of the plaintiff and against the defendant is not evidence of an account stated between the parties.

8. *White v. Campbell*, 25 Mich. 463, 469, holding:

*a*—That, as against a party receiving an account, and not objecting to it within a reasonable time, its correctness may be considered as admitted by him, and the balance as his debt; or, in other words, the party rendering the account may, under such circumstances, treat it as an account stated.

*b*—That in such cases, as the assent of the party to whom the account is presented or sent is an indispensable requisite, and as such assent is to be inferred from non-objection, it should appear in some way, before implying an assent, that the account has not been objected to, and, in case objection is made within a reason-

$7 and interest from September 17, 1890, with costs in favor of defendants. The facts are stated in the opinion.

*Dunham & Preston,* for appellants.

*Peter Doran,* for plaintiff.

LONG, J. This action is to recover for a balance due on account. Plaintiff is a manufacturer of beer at Grand Rapids, and commenced selling to defendants in November, 1882. Defendants furnished hay to plaintiff at an agreed price from year to year. The sales of beer contin-

able time, there is no room for inferring an admission of its correctness.

9. *Albrecht v. Gies,* 33 Mich. 389, holding that, in an action upon an account stated only, the nature of the original transaction out of which the acknowledgment of indebtedness grew is immaterial; and *Armitage v. Saunders,* 94 Mich. 482, holding that it is not necessary, in order to a recovery upon an account stated, that the antecedent debt or demand between the parties be proved.

10. *Albrecht v. Gies,* 33 Mich. 389, holding:

*a*—That evidence tending to show that the parties met and settled up, and that a balance was struck and agreed upon, is admissible to prove an account stated, and is sufficient to authorize the submission of the question as one of fact to the jury.

*b*—That the admission in evidence, in an action upon an account stated, of an account between the parties tending to show dealings between them, is not error where the other evidence tends to show that such dealings had been examined and a balance agreed upon.

11. *Sperry v. Moore's Estate,* 42 Mich. 353, holding that an account stated may be worked out without any written undertaking or acknowledgment, and may be proved by unsigned writings.

12. *Mink v. Morrison,* 42 Mich. 567, holding that in a suit on an account stated the plaintiff can only recover on proof of a settlement made with the defendant or his authorized agent, or, if made by an unauthorized person, on proof of defendant's ratification thereof with full knowledge of the facts.

13. *Bank v. Bushey,* 45 Mich. 135, holding that the action of a depositor in withdrawing a credit balance, of which he was notified long after he supposed he had checked out all of his money, which he was in the habit of doing soon after depositing it, makes a strong case of acquiescing in an account stated, and requires him to bring himself within some rule that will allow him to impeach it, and that the burden of doing this rests upon him.

14. *Railway Co. v. Peters,* 45 Mich. 636, holding that an account stated cannot be based upon an appraisal of the value of sheep killed by a railroad company where it does not appear that the owner of the sheep and the company mutually agreed on the appraisers, or recognized them as authorized to bind them by their action.

ued until September, 1890. There is no dispute over the accounts between the parties, except the price to be charged for the beer between certain dates.

Defendants were carrying on a hotel at Berlin, Ottawa county, in 1882, and commenced taking beer there in that year. In 1888 they opened a saloon in the township of Walker, now a part of the city of Grand Rapids, and continued taking beer from plaintiff at that place. Plaintiff, in its account, charged the beer at $7 per barrel at both places up to August 1, 1889, and after that at $6 per barrel. Defendants claim that the beer should

15. *Bull v. Brockway*, 48 Mich. 523, holding that an arrangement by which a merchant furnishes goods to workmen on orders from their employer, and receives his pay from the employer on presentation of the orders, the amount of which is deducted from the wages of the workmen, is evidence of an account stated.

.16. *Millikin v. Ferguson*, 56 Mich. 189, holding that an instrument which recites a settlement between the parties, and an understanding that the plaintiff shall receive a stated sum less certain deductions, is admissible under the common counts in *assumpsit* as evidence of an account stated.

17. *Rayburn v. Lumber Co.*, 57 Mich. 273, 275, holding that where an account is presented at a certain expressed rate of charges for work, to obtain payments or advances, and money is actually advanced upon it at those rates, it is not competent thereafter to increase such charges, unless on clear proof of mistake, or other definite equity of recognized sufficiency.

18. *Auditor General v. Supervisors*, 62 Mich. 579, holding that where the manner of dealing between the State and a county shows that no settlement was ever made between the two, and that there was never any express undertaking on the part of the county to pay or allow the accounts containing an item afterwards objected to, the most that can be claimed by the State is an account stated, which would leave the dealings open to be impeached by the county for fraud or mistake.

19. *Rossman v. Bock*, 97 Mich. 430, holding that where itemized statements of goods sold, showing the balances claimed to be due, are presented monthly, and allowed to pass unquestioned, satisfaction with the same, and acquiescence in the claimed balances, will be implied.

20. *McColl v. Jackson Iron Co.*, 98 Mich. 482, holding that where, in order to arrive at the true situation of the account between the parties, it is necessary to inquire outside of certain writings, which the defendant claims amount to an account stated, and on doing so it is found that at the time the writings were made a controversy existed, which neither party regarded as settled by the writings, they cannot be held, as a matter of law, to conclude the plaintiff.

have been charged at $6 only for the whole time. The court below found the facts and law, the same being stated as follows:

"2. That, with every sale of beer made to the defendants while they were in business at Berlin, a bill of the same was sent to the defendants, and received by them, and the price of the same stated at the sum of $7 per barrel; and to all of such beer the price became fixed at $7, by reason of the sending of the said bills to the said defendants, which bills became an account stated, by reason of the acquiescence of the defendants, no objection being raised by them to such price.

"3. That, when said defendants removed their business to the city of Grand Rapids, they continued to receive beer from the plaintiff, the same being delivered by wagon, and the price of the same was entered in their pass-book by the agent of the plaintiff at $7 per barrel, of which fact defendants had full knowledge; and, no objection being made to the price charged, it became fixed at $7 per barrel.

"4. That afterwards, and on or about March 12, 1890, a settlement and accounting was had between the parties, and the balance due agreed upon. Each recognized and acquiesced in the price at the rate of $7 per barrel for all of said beer.

"5. That after said 1st day of August, 1889, there is no claim that they were charged any greater price than $6 per barrel, upon which there is no complaint.

"6. That the delivery of beer to the defendants by the plaintiff, as mentioned in the bill of particulars, is conceded by the defendants, so there is no dispute upon that question. I further find that the claim of plaintiff against the defendants is the sum of $119.67.

"I find as a matter of law, on the facts found in this case, and from the evidence, that the plaintiff is entitled to recover the sum of $119.67."

Exceptions were taken to these findings by the defendants, who asked the court to substitute certain findings in place of those found, substantially as follows:

1. That in November, 1882, plaintiff's agent called upon defendants, and solicited their trade, and stated that plaint-

iff would sell and deliver them beer as cheap as they could get it anywhere else, and they agreed upon these terms to take the plaintiff's beer; that such arrangement was continued during all the time beer was furnished to them, up to September, 1890.

2. That with each delivery of beer there was sent to defendants a bill, which stated the beer at $7 per barrel; that no settlement was had at any time between the plaintiff and defendants since 1882, and no settlement was attempted until March, 1890, which resulted in no agreement as to the amount due.

3. That in 1888 defendants opened a saloon in Grand Rapids, and there purchased and received beer from plaintiff; that an agent of plaintiff called upon defendants in that year, and sold them a keg of beer, charging therefor at the rate of $7 a barrel; that one of defendants then paid plaintiff's agent for said keg at the rate charged, and stated to the agent that they would buy no more beer of plaintiff at that price; that the keg so purchased was the only beer for which they ever paid cash; that afterwards the agent of plaintiff called upon defendants, and stated that plaintiff would sell and deliver to them at $6 per barrel; that, after an amount of beer had been delivered on this contract at $6 a barrel, one of defendants saw plaintiff's agent mark down in the pass-book $7 per barrel for beer, and saw that all of the beer so delivered to them at their place of business in Grand Rapids had been charged at that rate; that defendants then called the attention of the agent to these entries at $7 per barrel, and the agent stated that the company charged on its pass-books $7 per barrel for all beer sold in the city, but the actual price was to be $6 per barrel; that at this time there was an open account and general dealings between the plaintiff and defendants, and nothing further was said or done about the price of beer until sometime in 1890; that, during the whole time defendants were purchasing beer of plaintiff in Grand Rapids, defendants purchased beer from all concerns at $6 per barrel, which was the market price of beer at that place during all of said time.

4. That, at the time of the commencement of this suit, the account between the parties was open, unsettled, and disputed.

5. That on and after August 1, 1889, the plaintiff charged and only claimed to charge defendants $6 per barrel for

beer, and about which price there is no dispute between the parties.

6. That there is no dispute as to the quantity of beer sold and delivered, and which amount appears in the bill of particulars of the plaintiff, filed and served in said cause; that from November 29, 1882, and up to July 31, 1889, plaintiff sold and delivered to defendants 99½ barrels of beer, upon which it charged defendants the sum of $1 per barrel more than the contract price; that the total amount of beer sold by the plaintiff to defendants amounts to the sum of $1,431.56, as charged to defendants upon the books of plaintiff; that defendants are credited with and entitled to credit as against said sum for payments to the plaintiff the sum of $1,325.15; that defendants are entitled to a credit for the sum of $99.50, being an overcharge of $1 per barrel by the plaintiff against defendants for 99½ barrels; and that, at the commencement of this suit, the defendants were indebted to the plaintiff in the sum of $7.

The court was also asked to find as conclusions of law that the plaintiff was entitled to recover $7 against defendants, with interest at 6 per cent. from September 17, 1890, and that it have judgment for that amount, but with costs to be taxed in favor of defendants.

These findings were refused, to which refusals the defendants duly excepted.

The testimony is all returned in the record, and, after a careful examination of it, we are satisfied that there is no testimony showing, or tending to show, an accounting and settlement between the parties by which any balance was agreed upon.

It is agreed that the fifth and sixth findings of fact are correct.

We think the court was in error in not finding as requested by defendants in their first request. Their testimony sustains that finding. From it, it appears that the first arrangement was made in 1882, by which the agent of plaintiff agreed to furnish them beer at the same price

other breweries would furnish it; that other breweries were selling at $6 per barrel; and that defendants continued to take beer under that arrangement up to the time they commenced business in Grand Rapids. The defendants were taking beer upon the supposition that they were to have it at the same price they could get it from others.

The court should also have found as requested by defendants in their third request, as we think the testimony uncontradicted upon that point. The agent referred to in that request for findings was one Frank Hernberger. He was called as a witness by plaintiff in its direct case, but was not recalled, and it nowhere appears that he contradicted the claim made by the defendants that they were to have the beer at $6 per barrel. This evidence remains undisputed upon the record.

We think the court was in error in finding that, by reason of sending the bills to defendants at $7 a barrel, it became an account stated at that price, or that, by reason of defendants' making no objection to the bills as they were presented at each delivery, they could not set up the contract claimed to have been made in 1882. The court was also in error, under the circumstances, in finding that defendants were bound to pay $7 per barrel for the beer delivered in Grand Rapids because they made no objection to the price charged in the pass-book. The mere rendering of the statement of account from time to time, and the entries in the pass-book at a fixed price, would not make an account stated, under the circumstances shown by defendants. An account stated means a balance struck between the parties on a settlement; and, where a plaintiff is able to show that the mutual dealings which have occurred between the parties have been adjusted, settled, and a balance struck, the law implies a promise to pay that balance. *Watkins v. Ford,* 69 Mich. 357. Here the defendants never agreed to pay the $7 per barrel, but

to pay what other breweries charged, which is conclusively shown to be $6; and the mere rendering of the bills at a greater price would not fix and determine the price at that amount.

The sixth finding asked is established by the proofs without contradiction, and the court should have concluded as matter of law that the indebtedness of defendants was only $7, with interest from September 17, 1890, at 6 per cent.

The judgment of the court below must be reversed, and judgment entered here in accordance with these conclusions, with costs of both courts to defendants.

The other Justices concurred.