## KAMINSKY v. MENDELSON.

(Supreme Court, Appellate Term. December 13, 1898.)

ACCOUNT STATED—PAYMENT.

Where the existence of an account stated is put in issue, defendant may prove payment of the items comprising it.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Paul M. Kaminsky against Louis Mendelson. There was a judgment for plaintiff, and defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Adolph Cohen, for appellant.
W. Klingenstein, for respondent.

GILDERSLEEVE, J. The pleadings are in writing. The complaint alleges that between December 23, 1897, and May 2, 1898, the plaintiff, at the request of defendant, performed work and rendered services for him; that on May 12, 1898, the plaintiff and defendant stated an account between them, by which there was found to be due from defendant to plaintiff the sum of $99.74, which was demanded and refused; and the complaint asks judgment for this sum, with interest. The answer denies that there was any account stated; denies that defendant is indebted to plaintiff in any sum whatever; alleges that the plaintiff has been paid in full for his work and services; and the answer further sets up a counterclaim for $6.65 for money paid in excess for the services rendered by the plaintiff. The plaintiff filed a bill of particulars setting forth the items of the services performed by him, with the sums charged therefor, which amounted to the sum of $272.07, upon which the sum of $172.33 is credited as having been paid, which leaves a balance due of $99.74.

The plaintiff was put upon the stand, and testified as to the performance of the services, and as to their value, and also he swore that on May 12, 1898, an account was stated between himself and defendant, and that the amount due to plaintiff was fixed at $99.74. The defendant and his witnesses denied that any account was stated, and, in support of their contention, endeavored to show that the items upon which the plaintiff's claim was based had been paid. The de-

fendant sought to introduce checks showing payments to the plaintiff previous to the 12th of May, 1898, but the justice refused to allow the introduction of any evidence of payment previous to the date aforesaid; holding, apparently, that there was an account stated, fixing the indebtedness of defendant at $99.74, and that this account stated was conclusive between the parties. It is true that an account stated is conclusive upon the parties to it, unless impeached for fraud or mistake (see Stenton v. Jerome, 54 N. Y. 484), and that an account stated can only be opened where the party objecting shows clearly that he has been misled by fraud, mistake, or manifest error (see Harley v. Bank, 76 N. Y. 618). But in the case at bar the existence of the account stated is put in issue; and it was clearly competent for defendant to prove the payment of the items upon which plaintiff's claim is based, were it only for the purpose of supporting defendant's contention that there was no account stated.

It is unnecessary to discuss the other aspects of the case, as the reason above indicated is sufficient to require a reversal.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.