## BAKER v. GRIFFIN.

(Supreme Court, Appellate Term. February 4, 1904.)

1. APPEAL—CERTIFICATE OF EVIDENCE—QUESTIONS REVIEWABLE.

> Where a case on appeal has no certificate stating that it contains all the evidence taken on the trial, the Appellate Court will not examine the facts, but, in an action tried by a jury, it may review the exceptions to the rulings of the trial justice.

2. ACCOUNT STATED—DENIAL OF ACCOUNT.

> The rule that an account stated can only be attacked for fraud, mistake, or manifest error does not apply to a case where the existence of the account stated is denied.

3. SAME—ACTIONS—GENERAL DENIAL—DEFENSES ADMISSIBLE.

> In an action on an account stated, where the existence of the account stated was put in issue by a general denial, it was competent for defendant to prove payment of the items on which plaintiff's claim was based, or to show that the transaction out of which plaintiff alleged he became entitled to a sum of money for services had never been completed, or to show any facts and circumstances which would tend to show the inherent improbability of defendant's having agreed to the account.

4. TRIAL—RULINGS ON EVIDENCE—PRESERVATION OF EXCEPTIONS.

> In an action on an account stated, where the existence of the account was put in issue, exceptions to rulings excluding evidence relevant to the defense sufficiently raised the question as to its admissibility, though at the end of defendant's testimony defendant made no further exception to a refusal of the court to permit him to go into the account.

5. ACCOUNT STATED—DENIAL OF ACCOUNT—EVIDENCE—ERRONEOUS EXCLUSION —PREJUDICIAL ERROR.

> In an action on an account stated, where the existence of the account was put in issue, though defendant was permitted to show the details of plaintiff's claim, and to show their unreasonableness, he was, nevertheless, prejudiced by the refusal of the court to allow cross-examination of plaintiff as to the nature of the claim.

Appeal from City Court of New York, Special Term.

Action by Frank C. Baker against Joseph T. Griffin. From a judgment of the city court for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

Anthony J. Griffin, for appellant.

Frank C. Baker, in pro. per

GILDERSLEEVE, J. The complaint in this action alleges that on or about November 19, 1902, an account was stated between the plaintiff and defendant, in which it was agreed that there were due to the plaintiff $15 as a balance for services in drawing a contract, and $240 as commissions for services rendered, amounting in all to the sum of $255, which sum defendant then and there agreed to pay, but has never paid any part thereof. The answer is a general denial. The jury found for the plaintiff in the full amount claimed. Defendant appeals.

As the case on appeal has no certificate stating that it contains all the evidence taken upon the trial, the appellate court will not enter into an examination of the facts presented by the testimony. Such a certificate, however, is not essential, in an action tried by a jury, to author-

¶ 3. See Account Stated, vol. 1, Cent. Dig. § 90.

ize the appellate court to review the exceptions to the rulings of the trial justice. Rosenstein v. Fix, 150 N. Y. 354, 44 N. E. 1027.

The well-accepted rule that an account stated can only be attacked for fraud, mistake, or manifest error does not apply in a case where the existence of such account stated is denied. Kaminsky v. Mendelson, 25 Misc. Rep. 500, 54 N. Y. Supp. 1010. Under the answer of a general denial, although the defendant cannot prove any affirmative defense, he is entitled to controvert and deny the proof of the plaintiff, and also to introduce any evidence which controverts the facts which the plaintiff is bound to prove, in order to sustain his action. Ensign v. Hooker, 6 App. Div. 425, 39 N. Y. Supp. 543.

In the case at bar the plaintiff was bound to prove that an account had been stated. The existence of the account stated was put in issue. It was competent for the defendant to prove payment of the items upon which plaintiff's claim was based, and also competent to introduce proof tending to show that the transaction out of which plaintiff alleged he became entitled to the item of $240 for services rendered had never been completed. Any facts and circumstances which would tend to show the inherent improbability of the defendant's having agreed to the account were competent and material. Such proof would support the defendant's contention that there never was an account stated. Coffee v. Williams, 103 Cal. 550, 37 Pac. 504.

Upon the trial the plaintiff testified that the parties "talked over the amount that was due from each of us, and reached a conclusion, which was $255, which he owed me as a balance. He promised to pay it, but has not paid any part of it." On cross-examination he testified:

"In my complaint I state there is due me for drawing a contract for the defendant in July, 1901, a balance of $15, and a balance of $240 as commission for services rendered. Q. State what those services were. (Objection by plaintiff. Sustained. Exception.) Q. Do you know Messrs. Dehli and Molst? A. Yes. Q. Are you not aware that the transaction with Dehli and Molst, on which your complaint is based in this action, was one in which the defendant failed to sell the stock on which you claim the commission? (Objection. Sustained. Exception.) Q. Mr. Griffin (defendant) paid you ten dollars in the early part of November, didn't he, on this account? (Objection. Sustained. Exception.)"

It will thus be seen that defendant's counsel was not allowed to identify the services or ascertain from plaintiff the character of the services for which plaintiff claimed the sum of $240 as commissions, and also whether or not the sum of $10 had been paid upon the account upon which plaintiff sues prior to the time of the alleged accounting between the parties.

The defendant was allowed to give full details as to the conversation with plaintiff at which the alleged account was stated, and in doing so he denies that any account was stated, and alleges that he told plaintiff he owed him nothing and would pay him nothing. He then goes on to describe the nature of the plaintiff's claims for commissions, and to show how plaintiff was not entitled to the same. This testimony is uncontradicted. The jury, however, believed the plaintiff's allegation that an account had been stated, and so found, as we have seen, by their verdict. The defendant, however, did not testify as to the nature of plaintiff's claim for the $15, balance for services in drawing a contract,

as alleged in the complaint, but at the end of defendant's testimony his attorney said: "Now, unless your honor will permit us to go into the account, and show that the alleged services were not rendered, we will rest." The court replied: "I have already ruled on that." The defendant's attorney rejoined: "Then I move to dismiss the complaint." This motion was denied, and an exception taken. It appears, therefore, that no exception was taken to this last refusal of the court to permit defendant to go into the account. However, the previous rulings upon this subject, to which exceptions were duly taken, sufficiently raise the question as to the admissibility of such testimony. We are of opinion that the evidence here sought was competent.

While it is true that the defendant, under guise of giving the conversation with plaintiff, was permitted to lay before the jury the details of plaintiff's claim for commissions and to show the unreasonableness of such a claim, it must nevertheless be said that the defendant was prejudiced by the refusal of the court to allow his counsel to examine plaintiff as to the nature of the claim; for it is obvious that, had plaintiff testified to the same effect as defendant on this subject, such testimony would have had some influence upon the jury. Moreover, the refusal of the court to permit testimony as to the payment of $10 on the account was clearly prejudicial to defendant. Kaminsky v. Mendelson, supra.

For the above errors in the rulings of the court below the judgment and order must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.