**John Jucker, Appellee, v. Dorsey R. Crowe and Stephen A. Crowe, Jr., Appellants.**

**Gen. No. 30,762.**

ACCOUNTS STATED—*evidence admissible to impeach account stated where improbability of defendants' agreement to same appears.* Where the issue raised between the parties in an action based upon

the furnishing of labor and material was solely as to the existence of an account stated, and there was evidence indicating a specific contract between the parties on a cost plus basis and that the alleged account stated was for a sum approximately double the estimated cost of the work, but no evidence as to what the work consisted of or as to the cost of the same, there was a sufficient improbability of defendants' agreement to pay the account alleged to have been stated to entitle them to prove the actual contract and actual cost of the work, or the reasonable cost of the work if the actual cost could not be shown.

Appeal by defendants from the Municipal Court of Chicago; the Hon. H. L. CHAPMAN, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1925. Reversed and remanded. Opinion filed July 13, 1926. Rehearing denied July 24, 1926.

McCORMICK, KIRKLAND, PATTERSON & FLEMING, for appellants; JOSEPH B. FLEMING, W. H. SYMMES, R. D. HATHAWAY and ALLAN W. COOK, of counsel.

HARRIS, REINHARDT & RUSSELL, for appellee; JOHN T. MURRAY and JOHN A. RUSSELL, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

John Jucker, a contractor, filed his statement of claim alleging performance of a contract between him and defendants to furnish labor and materials in connection with the altering, repairing and decorating of a building belonging to them, claiming as the sum due him $10,018.32. In their affidavit of merits filed thereto defendants admitted entering into an agreement, but alleged it was on an estimated cost of $4,070, and denied the terms of the contract as alleged in the statement of claim. They also alleged that the material was defective and the work poorly performed. Afterwards plaintiff amended his statement of claim by adding thereto a claim or count for an account stated for said sum, and a promise to pay the same. Defendants filed an amended affidavit of merits add-

ing to the averments already filed a denial of an account stated.

Plaintiff made no attempt to prove the contract or specific performance thereof but rested his case on evidence tending to prove an account stated, and it is agreed that the real question in issue at the trial was whether an account stated was had between the parties. The only point we need consider is whether the court erroneously rejected evidence bearing on that issue.

In support of his claim of a stated account plaintiff introduced letters from plaintiff addressed to defendant Dorsey R. Crowe. In the one of October 6, 1924, he inclosed a statement of account for work done up to that time, purporting to be on the basis of the cost of the work plus the actual overhead of 5 per cent, amounting to $2,920.49. Another letter under date of January 27, 1925, inclosed a final statement purporting to be on the same basis, for the sum of $9,147.16. Apparently according to some previous understanding to both statements was added and then deducted "10% profits." These statements and accompanying letters indicated a previous agreement on such a basis. Under date of March 10, 1925, plaintiff addressed a letter to S. A. Crowe, Jr., inclosing copies of invoices and estimates not submitted with the original statements, and referred to the fact that the estimate first made was for $4,680.50 but limited to certain work. Other letters from plaintiff to defendant Dorsey R. Crowe, dated February 7 and March 2, 1925, respectively, reminded him of the account as previously submitted, and that it had not been paid.

After proving receipt of these letters plaintiff testified to conversations had in the month of January, 1925, with Stephen Crowe, to the effect that the latter would have Dorsey send a check for the account. Plaintiff never discussed the final bill with Dorsey Crowe. Plaintiff's employee, Horgan, testified that

he took the letter of January 25, 1925, and the statement of account attached thereto to defendant's office and saw defendant Stephen Crowe, and that the latter said he would take the matter up with his brother Dorsey, and send a check, and not receiving a check he had subsequent conversations with Stephen, practically to the same effect. There was evidence tending to show that after reaching an understanding on an original submitted estimate of cost on the basis above stated the parties agreed to additional work, the amount of which does not appear from the statements or proof.

Both defendants testified. Dorsey Crowe testified that in January, before the submission of the final statement of account and after he had viewed the premises, and evidently after additional or extra work had been done, he asked Jucker what the bill was going to be and Jucker said it would be about twice the amount of the bill for $2,290.49 already submitted; that he asked for bills on the extra work and produced at that time the original estimate prepared by plaintiff detailing the cost of the work, amounting to $4,070, to which was added an overhead expense of 5 per cent, and a profit of 10 per cent, a total of $4,680.50. He further testified that after receiving plaintiff's statement of account rendered January 25, 1925, not being able to reach plaintiff personally he talked with his office manager over the telephone and protested against the amount of the bill, and denied that he ever told Jucker he would pay the bill. Stephen testified that after receiving said final statement of account he told plaintiff he would not pay it; that it was entirely out of reason; that his brother Dorsey had told him to tell plaintiff that he would not pay it, and that he could not accept $9,100 for work estimated at about $4,000, aside from a few reasonable extras. He also denied making a promise to Horgan that he would pay. His version of the conversation with plaintiff

was corroborated in substance by two other witnesses who claimed to have been present. In rebuttal plaintiff denied having the conversations testified to by Dorsey Crowe, and Horgan denied the conversations testified to by Stephen Crowe.

As to whether there was an express or implied promise to pay the account as submitted in said final statement the evidence is so conflicting it can hardly be said to preponderate either way. It is therefore important to determine whether the court erred in rejecting evidence offered by appellants.

The court rejected evidence offered by defendants to the effect that the value of the work done and the materials furnished by the plaintiff in connection with the repairing, altering and decorating of defendants' home was in a sum less than $6,000. It is urged that such evidence was admissible on the theory that if the value of such work and materials was in a sum less than $6,000 it is highly improbable that defendants would have expressly assented to a bill for over $9,000. The court also rejected evidence offered by defendants that there was a contract between the parties to the suit under the terms of which plaintiff agreed to do the work and furnish the materials in question for the sum of $4,070, plus a small amount for extras, and certain additional percentages. It is urged by appellants that the evidence last offered was admissible not only for the purpose of showing that it was highly improbable that defendants subsequently agreed to pay a higher amount than that agreed upon in the contract, but for the further and additional purpose of showing that the defendants were already completely bound to pay a specific sum, to wit, the sum of $4,070, plus a reasonable amount for extras, and "5% overhead," and therefore there was no consideration for a promise on their part to pay a sum in excess thereof.

The case· at bar was tried wholly upon the theory of an account stated and its existence was put in issue. In *Coffee v. Williams,* 103 Cal. 550, 37 Pac. 504, the existence of a stated account as alleged by the plaintiff was denied, and defendant in corroboration of his own statement offered evidence of a character to show that it was highly improbable that there could have been an account stated. The evidence was rejected by the trial court, but the court of review decided that the ruling was error. While the court recognized the general rule that when there is an account stated parties cannot go back and attack the original items of the account except where a party has been misled by fraud, mistake or manifest error, the court held that the defendant had the right to show, if he could, the inherent improbability of his agreement to such an account, and, to that end, evidence was admissible of at least the general nature of the circumstances and of the business between the parties, and the character of the objections made by the defendant to the items of the alleged account stated. (See also 1 Corpus Juris, p. 738.) There were like rulings on somewhat similar facts in *Kaminsky v. Mendelson,* 25 Misc. 500, 54 N. Y. Supp. 1010; *Clare v. Kelley,* 188 App. Div. 665, 177 N. Y. Supp. 212; *Field v. Knapp,* 108 N. Y. 87, 13 N. E. 829.

Plaintiff saw fit to abandon proof of the contract itself and of performance thereunder, and relied wholly on evidence of a stated account and an express promise to pay the same. Not only was the express promise denied by equally cogent evidence, but defendants made proof of their protest and refusal to pay because of the excess of charges over the sum agreed upon, which was so great as to render it highly improbable that defendants would have acquiesced in the final statement, or have expressly promised to pay it, unless the "extras" make up the excess. But there was no proof as to their cost or value, and ac-

cording to the testimony of Dorsey Crowe the entire cost was not to exceed, or was to be, approximately, $6,000.

In view of these facts and of evidence indicating a specific contract between the parties on a cost basis and an additional percentage, and of the absence of proof of what the work consisted or cost of the same, we think there was sufficient improbability of defendants' agreement to pay the account to entitle them to make proof of the actual contract and the actual cost of the work, if that was the basis of the contract, or the reasonable value thereof if the actual cost could not be shown.

There are also authorities to the effect that an account stated will not be permitted to be substituted for a specific agreement as to the price, particularly where the agreement is in writing. It has been held that the action in such a case must be upon the original promise in writing and not upon an account stated. See *Bennett v. Potter*, 180 Cal. 736, 183 Pac. 156, and cases there cited. Other cases having some bearing on the principle are *Gallinger v. Lake Shore Traffic Co.*, 67 Wis. 529, 30 N. W. 790; *Valley Lumber Co. v. Smith*, 71 Wis. 304, 37 N. W. 412; *Kusterer Brewing Co. v. Friar*, 99 Mich. 190, 58 N. W. 52. They recognize the principle that where there is a contract in writing between the parties as to price, it is higher evidence of the amount due and cannot be supplanted by an alleged controverted stated account for which there is no additional consideration.

*Reversed and remanded.*

GRIDLEY, P. J., and FITCH, J., concur.