724

BOBBETTE BURKE, Appellant, v. DR. SHUNJI K. IKUTA, Respondent.

Robert E. Sease and Cletus J. Hanifin for Appellant.

Dr. Shunji K. Ikuta, in pro. per., for Respondent.

DORAN, J.—The present appeal is from a judgment in defendant's favor denying recovery of attorney fees alleged to be owing by the defendant husband to plaintiff's assignors for conducting the wife's divorce litigation. The complaint in three causes of action based on an open book account, an

account stated, and for reasonable value of professional services "at defendant's instance and request," sought recovery in the amount of $7,500.

Cletus J. Hanifin and Robert E. Sease, attorneys at law, plaintiff's assignors, had been retained by Mrs. Chiyoko Ikuta, defendant's wife, in August, 1948, in reference to a divorce action. Community property worth some $300,000 located in California and Honolulu, was owned by Dr. and Mrs. Ikuta. As a result of certain detective work, a complaint for divorce alleging cruelty and adultery, was filed for Mrs. Ikuta, seeking custody of three minor children, support for wife and children, award of all community property, and attorney fees of $10,000. An order to show cause *in re* alimony, custody, restraining order, attorney fees, etc., was likewise prepared, and copies thereof personally served on Dr. Ikuta on September 10, 1948.

Immediately thereafter there began a series of conferences relating to proposed reconciliation, Dr. Ikuta being represented by an attorney Samuels. The last of these conferences took place on October 3, 1948, at which time a reconciliation agreement was arrived at under which Mrs. Ikuta was given three-fourths of the community property. The order to show cause, set for October 6th, was allowed to go off calendar, and a dismissal with prejudice was executed on October 12, 1948, and duly filed.

On November 8, 1948, Mrs. Ikuta's attorneys, Hanifin and Sease sent a statement to Dr. and Mrs. Ikuta, then reconciled and living together, covering the claimed $7,500 attorney fees. Certain conferences concerning this matter then ensued at which, plaintiff alleges, Dr. Ikuta agreed to pay said sum which was to be reduced to $6,100 if paid immediately. Dr. Ikuta denies any such agreement. Shortly thereafter Mrs. Ikuta informed Attorney Hanifin that Dr. Ikuta had breached the reconciliation agreement insofar as it pertained to a corespondent and instructed the attorney to file another action for divorce, which action was filed on December 7, 1948.

The present action, seeking judgment against Dr. Ikuta for Mrs. Ikuta's attorney fees, was filed December 17, 1948, to which the defendant filed answer denying any liability. Thereafter the answer was amended to include the defense of the statute of frauds. The complaint was likewise amended to include a cause of action for fraud, and alleging estoppel. The action first came to trial before Judge Otto J. Emme under a stipulation that the matter of liability should first be

decided before taking testimony as to extent of liability. The trial court, however, rendered judgment as prayed for by plaintiff, and a mistrial was declared on the grounds that the court had gone beyond the terms of the stipulation. At a second trial before Judge Wilbur C. Curtis, judgment was rendered for the defendant from which plaintiff now appeals.

The trial court found that the defendant, Dr. Ikuta, was not indebted to plaintiff in any sum; that there was no account stated; that the attorneys had performed no professional services "at defendant's instance or request, or otherwise," and that Dr. Ikuta had at no time agreed to pay anything to Mrs. Ikuta's attorneys. It was further found that if Dr. Ikuta did agree to pay attorney fees for representing Mrs. Ikuta "the said agreement was not supported by adequate consideration, and was not in writing, and is invalid and unenforceable under the Statute of Frauds."

The appellant contends that the various findings of the trial court are "not sustained by any substantial evidence," and submits that "The Appellate Court should fix the amount of plaintiff's attorney fees and order judgment accordingly." In the respondent's brief are set out various items of evidence in support of the trial court's findings.

Among other matters, respondent calls attention to the fact that in the reconciliation settlement, Dr. Ikuta transferred to Mrs. Ikuta property valued at some $200,000, and according to Attorney Hanifin's testimony, "there was some talk about the attorney's fees and there was some mention made about the fact that if Mrs. Ikuta was getting certain properties that she should pay attorney's fees. . . ." There is also testimony to the effect that Dr. Ikuta stated in respect to the attorney fees that Mrs. Ikuta would have to be consulted, and that "My wife will be in to see you within the week"; further, that Mr. and Mrs. Ikuta had considered selling the "St. Louis Heights property" in Honolulu in order to pay attorney fees.

Appellant's brief claims that Dr. Ikuta promised to pay the wife's attorney fees "even though no fixed amount was agreed upon." There is evidence that the doctor and Attorney Samuels objected to $7,500 as too large an amount for the wife's attorney inasmuch as the case never went to trial. Respondent suggests that "with the lack of this essential element (amount of the fee)," it is unlikely that Dr. Ikuta would have made a promise to pay the wife's attorneys.

In support of plaintiff's claim that there was an account stated, special reference is made to Dr. Ikuta's deposition taken as a part of the second divorce case which followed the reconciliation. Dr. Ikuta was asked to make a financial statement, and under a "Debts outstanding" column listed "My attorney fee for this time," followed by a blank, and "Mr. Hanifin wife's fee for this time"; in the column "due amount" setting out the words "7500 or 6100 cash." Dr. Ikuta explained that "This was only made because you (Hanifin) said to put in the liabilities," and that "It is not my financial statement. It is the family's financial statement." The trial court found that there was no account stated and that Dr. Ikuta at no time agreed to pay Mrs. Ikuta's attorney fee.

In reference to an account stated, it is to be noted that such a document does not in itself create an original liability. There must be some debtor and creditor relation theretofore existing between the parties, the amount of which debt is determined by assent, either express or implied, to some statement of the account. And even where an account is stated, it may be avoided by proof of fraud, mistake, etc. See *Coffee* v. *Williams*, 103 Cal. 550, 553 [37 P. 504]. As respondent's brief suggests, then, the basic question before the trial court was whether any debtor-creditor relation existed and whether Dr. Ikuta ever agreed to pay the attorneys who represented Mrs. Ikuta. Although there is conflict on that question, the record discloses substantial evidence in support of the finding.

Appellant likewise assails the trial court's finding that Mrs. Ikuta, by property settlement, "acquired approximately three-fourths of the community real property . . . valued at more than $200,000.00, in consideration of the reconciliation and subsequent dismissal 'with prejudice' of the said divorce action," as not sustained by substantial evidence, "if said finding is meant by the trial court as a finding that the only consideration was the transfer of said real property."

In this connection, appellant maintains that there were other considerations, one of which was "that Dr. Ikuta would pay plaintiffs their attorney fees," Respondent answers this by saying that "While reconciliation is sufficient consideration for the property settlement given to Mrs. Ikuta, it cannot provide a good consideration for an agreement between husband and wife for payment of wife's attorney fee for which husband is not liable."

Along this same line, appellant objects to the finding that neither the attorneys nor Mrs. Ikuta, "relied upon any promise of the defendant Shunji K. Ikuta to pay their attorney fees." A survey of the record, however, indicates that all of these matters were the subject of more or less conflict at the trial, and that while it may be possible to point out certain items of evidence which seem to favor appellant's contentions, nevertheless the record also discloses substantial evidence and legitimate inferences therefrom, in support of all of the findings made by the trial court. And such being the case, the well established rule prevents any further appellate review of the evidence.

The trial court further found that if Dr. Ikuta did agree to pay Mrs. Ikuta's attorney fees, the agreement not being in writing was unenforceable under the statute of frauds. Appellant, however, contends that the alleged promise, although oral in form, was not one to answer for the debt, default or miscarriage of another; that if a written memorandum was required, Dr. Ikuta's property statement hereinbefore referred to, was sufficient; that in any event Dr. Ikuta is estopped from setting up such defense.

Appellant's brief insists that, although the order to show cause *in re* attorney fees, etc., had gone off calendar along with dismissal of the divorce case, there was some sort of "obligation imposed upon Dr. Ikuta to pay the attorney fees," and that "the record reveals a case in which the court would have without any doubt awarded attorney fees, under Section 137 *et seq.* of the Civil Code." However, as respondent's brief points out, no such order had been made and the making of such order was, under the statute, within the court's discretion. No such obligation existed until some order was made, fixing the amount and terms of payment.

Reference has heretofore been made to the financial statement made by Dr. Ikuta, and claimed by appellant to be such a memorandum as would take the matter out of the statute of frauds. As explained by Dr. Ikuta, this was "the family's financial statement" made as a part of the defendant's deposition in the second divorce case. The trial court could well believe as a reasonable inference from the evidence, that this statement was never intended to serve as an account stated. It was, in fact, no memorandum of any contract, and set forth no essential provisions of an agreement.

Appellant's argument that Dr. Ikuta is estopped to set up the statute of frauds is not persuasive. The case of *Seymour* v. *Oelrichs*, 156 Cal. 782 [106 P. 88, 134 Am.St.Rep. 154], dealing with such estoppel, bears no factual resemblance to the present situation. Appellant's observation that "Reconciliation agreements are highly favored," etc., and that because the wife's attorneys assisted in a reconciliation, the husband should be forced to pay, adds nothing to the argument.

As previously indicated, there is evidence from which the trial court could well conclude that Dr. Ikuta never agreed to pay the wife's attorneys, and that there was some discussion to the effect that since Mrs. Ikuta received settlement properties of some $200,000 "she should pay attorney fees." The findings and judgment find adequate support in the record, and are not contrary to law.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.