[No. 13895.    Department Two. — February 2, 1892.]

# E. A. GILLESPIE, APPELLANT, v. MARIA LOUISA WRIGHT, EXECUTRIX, ETC., RESPONDENT.

ESTATES OF DECEDENTS — CLAIM TWICE REJECTED — STATUTE OF LIMITATIONS. — Where a claim against an estate has been once presented, and a rejection thereof indorsed by the executrix, and the attorney for the claimant, deeming the claim as presented not formal enough, again presents it to the attorney for the executrix, who gives no formal or apparent consent that the first rejection shall be set aside, or that the second presentation will be treated as the only one made, and the claim is indorsed rejected a second time, the statute of limitations runs from the date of the first rejection.

ID. — SECOND PRESENTATION BY ATTORNEY OF EXECUTRIX — EXTENSION OF TIME FOR ACTION. — The fact that the attorney for the executrix, upon the second presentation, said the claim would be again rejected, but that he would present it to her again for action, does not amount to a formal or apparent consent that the first rejection should be set at naught, or that the time might be extended for bringing the action on the rejected claim as first rejected.

AMENDMENT TO COMPLAINT — CONDITIONAL ALLOWANCE AFTER TRIAL — DUTY OF COURT. — Where an amended complaint is offered after the case is tried, and presented with the proposed findings and plaintiff's brief without any formal motion, and is conditioned to be allowed to be filed if the court should think that the complaint needed amendment, the failure of the court to cause the amended complaint to be filed is not a failure of its legal duty, or prejudicial error.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial.

The facts are stated in the opinion.

*Scrivner & Schell*, for Appellant.

*Welles Whitmore*, for Respondent.

FOOTE, C. — This action was brought on a note which had been presented to the executrix above mentioned for allowance and been rejected by her. The appeal is from a judgment in favor of the defendant, and from an order refusing a new trial.

The points made are numerous, but we think that, upon the decision of those hereafter mentioned, this case is determinable in favor of the respondent. The claim was *twice presented*, and *twice indorsed rejected* by the executrix.

But it is claimed by appellant that there was no actual rejection on the first presentation, and therefore that the bar of the statute, under section 1498 of the Code of Civil Procedure, does not attach.

The finding of the trial court is opposed to this view, and, as we think, is supported by sufficient evidence.

It appears that on the first presentation the claim was actually rejected and so indorsed, and that the plaintiff's attorney, deeming that it, as presented, was not perhaps sufficiently formal, again, at a later day, presented it to the attorney of the defendant for action by the executrix. The plaintiff's attorney was not then, nor was he ever, told by the defendant's attorney that the claim was informal, or that it would be considered as not having been before rejected, and formally presented for the first time.

The attorney for the executrix said the claim would be again rejected, but that he would present it to her again for action. While this shows a disposition to accommodate the presenter of the claim and give him the

benefit of his own legal view of the matter, it did not amount to a formal or apparent consent that the former rejection should be held as naught, and that the time might be extended for bringing the action on the rejected claim as first indorsed.

To determine the present contention in favor of the appellant upon the point under discussion would be to say " that when a creditor has presented his claim and it has been rejected, he may again present his claim for the same demand, and thus avoid the bar or prolong the time within which he may commence suit." (Temple, J., in concurring opinion in *Steward* v. *Hinkel*, 72 Cal. 191.) It was no fault of the defendant executrix or her attorney that the claim was not presented in a form in the first place which, upon after consideration by the plaintiff's attorney, was not thought sufficient by the presenter thereof. As first presented, it was *actually rejected*. And there was no formal or apparent consent given that this rejection should be considered as not having been made by proper indorsement. We do not think that the conduct of the defendant or her attorney should be considered, under the facts here developed, as giving the plaintiff the right to suppose that the former rejection had been set aside. It still existed, and the effort to clinch the matter by another presentation was not suggested by them, nor was it apparently agreed in any way that the second should take the place of the first presentation. The responsibility in the premises rested solely with the plaintiff and his legal representative.

They were at liberty to proceed upon the first rejection, of which there was no intimation that it would be held by the respondent as of no avail, or that the claim was informal in the statement thereof.

There had been no refusal to inform the plaintiff of the rejection of the claim by the executrix or her attorney, and from the beginning to the end the plaintiff had no reason to believe but what it would be refused, as it was, and the indorsement made thereon in the first

instance. The conduct of the attorney for the defendant was fair and open; he was apparently willing to accommodate the plaintiff by letting the executrix repeat her first rejection, but he did nothing, as we view the matter, to *mislead* the plaintiff's attorney into the belief that his second presentation would be treated as the only presentation made.

Neither do we see any prejudicial error on the part of the court below in not causing the amended complaint to be filed.

It was offered after the case was tried, and presented with the proposed findings and plaintiff's brief without any formal motion, and conditioned to be allowed to be filed if the court should think that the complaint needed amendment. We do not think that upon this kind of practice the trial court should be held to have failed in its legal duty.

We perceive no prejudicial error in the record, and advise that the judgment and order be affirmed.

Belcher, C., and Vanclief, C., concurred.

The Court.— For the reasons given in the foregoing opinion, the judgment and order are affirmed.