L. B. Miller v. The Consolidated Patrons and Farm-
ers Mutual Insurance Company, Appellant.

Insurance:  IMPLIED PROMISE TO PAY AMOUNT RETURNED BY ADJUSTER.
The charter of a mutual fire insurance company provided that
the director from each township should be the adjuster
of losses in. that township, and the directors, after
an investigation of the facts nad efforts to settle plaintiff's loss,
passed a motion that the settlement be left to D., the director
from plaintiff's township.  D. returned the amount of loss on
a blank furnished by the company and recommended payment.
In an action for such amount; the company moved for a verdict
on the ground that no agreement to pay was established, and
refused to introduce evidence.  *Held,* that the direction of a
verdict for plaintiff was proper, since the evidence was suffi-
cient to show an implied promise to pay the amount returned
by the adjuster.

ADJUSTERS: *Limitation of general power.*   Where the charter of a
mutual fire insurance company provided that the director in
each township should adjust the losses in that township, the
fact that the adjuster's report was made on a blank furnished
by the company, which merely recommended payment of a cer-
tain amount, which the insured agreed to and that the charter
declared that the adjuster should be guided by such regulations
as the company and its directors should establish, was not suffi-
cient to show a limitation on the general powers of the adjuster
to bind the company to pay the amount agreed on by him and
the insured

AUTHORITY TO BIND INSURED BY AGREEMENT AS TO AMOUNT OF LOSS:
*Evidence.*   Where, after futile efforts had been made by a
muual fire insurance company to settle plaintiff's loss, the
directors passed a motion, that the settlement be left to D., the
company's director from plaintiff's township, D. had power to
bind the company by an agreement as to the amount of loss
sustained.

*Appeal from Buchanan District Court.*—HON. F. C. PLATT, Judge.

THURSDAY, JANUARY 31, 1901.

PLAINTIFF held a policy of insurance in defendant company on certain buildings, together with personal property. He suffered a loos by fire and bdings this action to recover the amount thereof. After plaintiff's evidence was all in, defendant asked and was refused a verdict in its favor. Upon defendant then declining to introduce any testimony, the court instructed the jury to return a verdict in plaintiff's favor for $2,508, which was accordingly done. From a judgment rendered on such verdict, defendant appeals.—*Affirmed.*

*E. E. Hasner* for appellant.

*Lake & Harmon* and *J. E. Jewel* for appellee.

the same day such notice was given, the secretary, with an adjuster came to plaintiff's place to investigate the loss. They invoiced the personal property destroyed, and took dimensions of buildings. Nothing, however, was afterwards done in the way of paying the loss, although plaintiff called more than once about it at the company's office. It seems the directors were not willing to allow as much as plaintiff claimed. With matters in this situation, on January 3, 1898, the following proceedings were had at a meeting of the directors: "Loss of L. B. Miller was presented to the board for action by Mr. Diehl. Motion was that the matter of settlement be left in the hands of John A. Diehl to settle. Motion carried." Under the articles of incorporation the director named in each township was the adjuster in such district, and John A. Diehl was the director in the township where the loss occurred. On January 6, 1898, Diehl made the following report to the company: "To the Consolidated Patrons' and Farmers' Mutual Insurance Company of Buchanan County, Iowa: The undersigned, adjuster for Washington township, in said county, begs leave to report the loss of L. B. Miller, of said township, and after careful examination of all the facts coming under our notice find his loss to be $2,508, destroyed by fire on the 19th day of October, 1897, and recommend the same to be paid. Our fees for service are $1.50. Respectfully submitted, John A. Diehl, Adjuster. Dater this 6th day of January, 1898." The amount was assented to by plaintiff. This report is upon a printed blank furnished by the company, the only writing therein being the name of the township, the name of the assured, the amount of the loss, the dates and signatures. The company, however, refused to allow the amount named. At one time they offered plaintiff the sum of $2,100, which he refused. On May 9, 1898, this action was brought. These are the facts, but before taking up for consideration the conclusions of law to be drawn therefrom, it may be well to inquire as to the general

We have so far considered the case without reference to the special authority given the adjuster by the adoption of the motion on January 3, 1898, in which the matter of settlement was left with Diehl. Defendant's claim as to this matter is that Diehl's term of office was about to expire, and, as he was familiar with the case, this motion was adopted so that the matter might remain in his charge. It is true that a successor to Diehl had been elected, who had not yet gone into office; and there is some ground for defendant's claim that one purpose of the motion was to leave the matter in Diehl's hands. But what matter was so left? Not the mere investigation of the facts of the loss. That had already been made. Plaintiff claimed his loss amounted to $2,590. His policy was for $3,800. Up to the time of the adoption of this motion the parties had been negotiating, but had failed to agree. The motion was then adopted leaving the matter of the settlement of the loss with the adjuster. Settlement means a determination by agreement. This was had between the adjuster and plaintiff, and we are unable to see why it is not binding on defendant. That it was regarded as binding by the secretary is evidenced by the fact that he issued a circular to the members of the company after the adjuster's report, in which, among other losses, he set out that of plaintiff as $2,508, and announced an assessment of $3\frac{1}{2}$ mills for the purpose of paying such losses. The evidence introduced by plaintiff made his case. As it was uncontradicted, we think the court was warranted in directing a verdict in his favor.—AFFIRMED.