[Civ. No. 1973.   First Appellate District.—February 20, 1918.]

## J. EARLY CRAIG, Appellant, v. JAMES A. LEE et al., Respondents.

ACCOUNT STATED—ORAL ACKNOWLEDGMENT OF DEBT—RUNNING OF STATUTE OF LIMITATIONS.—Where the acknowledgment of a debt is not in writing, the statute begins to run against the account stated from the date of the settlement, and an action must be brought within two years after such settlement.

ID.—CORRESPONDENCE CONCERNING LEGAL SERVICES — INSUFFICIENT PROOF OF ACCOUNT STATED.—A stated account for legal services is not shown by the fact that in answer to letters inclosing bills for such letters, the debtor made reply that he expected to receive some money at an early date, and that when funds were available he would endeavor to "adjust" the account.

APPEAL from a judgment of the Superior Court of San Mateo County. George H. Buck, Judge.

The facts are stated in the opinion of the court.

M. H. Hernan, and John A. Hoey, for Appellant.

N. E. Wretman, and Houghton & Houghton, for Respondents.

KERRIGAN, J.—This is an appeal from a judgment rendered in favor of the defendants in an action brought by plaintiff to recover the sum of $650, alleged to be due from them upon an account stated for legal services.

On April 22, 1912, plaintiff sent to the defendants by mail a statement of his account showing a balance due from them of $650. The letter or statement was not answered. On August 14, 1913, the plaintiff again wrote to the defendants in reference to the account, but this letter was not received by them and was returned to the plaintiff. On the 18th of that month the plaintiff wrote another letter to the defendants, being a copy of the letter of the 14th, and inclosed with the letter a bill for $650, together with a promissory note for that amount, payable in ninety days, which he requested the defendants to execute. On August 22d this letter was answered by the defendant James A. Lee to the effect that he

expected to receive some money at an early date, and that when funds were available he would endeavor to adjust the account. Respecting the request for a note the letter states: "The time is so short that I do not deem it necessary to issue any note at this time." There were two other letters from the plaintiff to the defendants concerning the amount claimed to be due from them, but they have no bearing upon the points to be decided. Later on in the same year plaintiff again wrote to the defendants asking for a settlement of his bill of $650, to which the defendants shortly thereafter replied stating that while they were anxious to pay all their just debts, they at that time were without funds, but that in the near future they expected to receive some money, in which case they would endeavor "to adjust the account forthwith." In addition to these letters there was a conversation between the plaintiff and the defendants, in which the latter said that within a certain number of days they would perhaps be able to "settle up." It is conceded, as of course it must be, that this conversation did not create an account stated.

(1) As to the letter of April 22, 1912, written by plaintiff to the defendants inclosing his bill for $650, assuming that because it remained unanswered it became an account stated on that date, still the statute of limitations had run against it when the present action was commenced. Where the acknowledgment of a debt is not in writing, the statute begins to run against the account stated from the date of the settlement, and an action must be brought within two years after such settlement. (Code Civ. Proc., sec. 339, subd. 1; *Auzerais* v. *Naglee,* 74 Cal. 60, [15 Pac. 371].)

(2) From the other correspondence we think it cannot be held that an account was stated between the parties. "An account stated presupposes an absolute acknowledgment or admission of a certain sum due or adjustment of accounts between the parties, the striking of a balance, or an assent, express or implied, to the correctness of the balance. If the acknowledgment or admission is qualified and not absolute, or if there is but an admission that something is due without specifying how much, there is no account stated, nor does an account stated exist if there is but a partial settlement of accounts without arriving at a balance, or if there is a dissent from the balance as struck." (1 Corpus Juris, p. 695, par. 2871; *Coffee* v. *Williams,* 103 Cal. 556, [37 Pac. 504].)

From the letters of August and November, 1913, we think there was no meeting of minds respecting the amount which was to be paid to plaintiff for his services; and the language of Lee's letter of August 22d, as well as that contained in the letter of both defendants of November 26th, negatives any construction or presumption of a promise to pay the full amount of the bill. According to the language of the letter of August 22d, the account rendered was to be "adjusted . . . agreeably" to the parties interested; and according to the language of the letter of November 26th, the defendants would endeavor to adjust the account when they received certain money which they expected shortly.

The word "adjust," as defined in volume 1 of Words and Phrases, page 194, means "to settle or bring about a satisfactory state, so the parties will agree in a result, as to adjust accounts." When losses under policies of insurance are adjusted, the amount of the loss is ascertained and determined. (*Miller* v. *Consolidated etc.*, 113 Iowa, 211, [84 N. W. 1049]; *Ruthven* v. *American Fire Ins. Co.*, 102 Iowa, 550, [71 N. W. 374].)

Excepting from consideration for the reason already stated the letter of April 22, 1912, and defendant's failure to reply to the same, it would appear from the other correspondence that they never intended to pay in full the amount of plaintiff's claim, but expected at some time, perhaps in the near future, to agreeably adjust or settle the account. There was, therefore, no account stated between them, which would leave plaintiff's claim barred by the statute as pleaded.

The judgment is affirmed.

Lennon, P. J., and Beasly, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court April 17, 1918.