[Civ. No. 2547.    Second Appellate District, Division One.—January 27, 1920.]

GEORGE K. PALMER, Respondent, v. GUARANTY TRUST AND SAVINGS BANK, as Executor, etc., Appellant.

[1] EVIDENCE—CLAIM AGAINST ESTATE—PROOF OF DECEDENT'S HANDWRITING—TESTIMONY OF PLAINTIFF INADMISSIBLE.—In an action against an executor to recover upon a claim against the estate of the decedent, under the provisions of section 1880 of the Code of Civil Procedure, it is error to permit the plaintiff to

testify as to his knowledge of the handwriting of the decedent and to identify the latter's signature to a letter for the purpose of proving by such letter that a certain grant deed executed by plaintiff in favor of said decedent, though in form unconditional, was intended as a mortgage

[2] ESTATES OF DECEASED PERSONS — PRESENTATION OF DEFECTIVE CLAIM—RIGHT TO PRESENT NEW CLAIM.—If a party makes an improper attempt to present a claim to an executor, particularly where it is so defective as to be insufficient to constitute the basis for a cause of action, he is not estopped from presenting one in due form, if within proper time, and upon which an action may be based.

APPEAL from a judgment of the Superior Court of Los Angeles County. Lewis R. Works, Judge. Reversed.

The facts are stated in the opinion of the court.

Gilbert F. Wyvell for Appellant.

Thomas A. Sanson for Respondent.

SHAW, J.—Appeal by defendant from a judgment entered in favor of plaintiff.

The action is to recover upon a claim against the estate of J. F. McDermott, deceased, presented to the executor and by it rejected. As appears from the complaint, the claim grew out of the fact that plaintiff borrowed from deceased three hundred dollars and by grant deed, intended as a mortgage to secure same, conveyed to the lender a certain lot upon which the grantee gave a mortgage for a loan procured by him and thereafter conveyed his equity in the lot in exchange for other property. The claim was for the sum of $1,154.40, alleged to be the difference between what McDermott received for the property and the sum due him on the loan so made to plaintiff.

The appeal is had and taken under the alternative method, and while appellant in its brief directs attention to a number of rulings which it insists are errors committed by the court and upon which it bases an argument for reversal, it has neglected to print in its brief the parts of the record necessary to illustrate the points made, as required by section 953c of the Code of Civil Procedure, and without reference to which its argument is unintelligible. Hence, counsel for re-

spondent, relying upon what is said in *Miller* v. *Oliver*, 174 Cal. 404, [163 Pac. 367], and *Williams* v. *Hawkins*, 20 Cal. App. 162, [128 Pac. 754], to the effect that the court will, in considering the questions presented, confine itself to an inspection of the portions of the record so printed in appellant's brief and, unless they exhibit the error, will affirm the judgment appealed from, has, except as to one or two questions, submitted the case without serious argument. As a result of the action of the courts pursuant to the provisions of section 953c in affirming judgments on appeal upon what is printed in appellant's brief or supplement thereto and without referring to the typewritten transcript, the legislature in its wisdom, and to relieve such attorneys from the consequences of acts due to indolence or incompetency, amended the section by providing that no appeal should be decided adversely by reason of such omission, but that the court should direct the party to print and serve upon the adverse party and file with the court a supplement to his brief wherein should be set forth "in full that portion of the record relied upon by such party and not printed in any former brief" and which "may be desirable for the full presentation of the points at issue." It might be urged with some reason that under this provision the court should first acquaint itself with the points made in the brief and then, after a careful examination of the typewritten record, inform appellant's attorney just what parts of the record were necessary to illustrate the points made by him in his brief, which is about as practical as the Dutchman's flea powder, the efficacy of which depended upon catching the flea, choking its mouth open, and administering the poisonous powder, which was guaranteed to kill. However this may be, it is clear that under the amendment of the statute the power of the court upon such defective record is restricted to a continuance of the hearing of the appeal, the purpose of which may be to delay respondent in collecting a righteous judgment, and grant appellant's counsel further time to present a record under an order therefor and to such an extent as may be necessary to fully illustrate the errors of which he complains. Under this method not only is little left to the attorney of an appellant, but it is well-calculated to encourage indolence and relieve him of responsibility to his client, who, as a result, is, or may be, the victim of such

negligence. That few attorneys bearing the reputation for painstaking care in prosecuting appeals have adopted this substitute method of presenting their records encourages the hope that if the legislature does not repeal it attorneys generally will abandon it. There should be one, and only one, method of presenting a record on appeal, and this should be simple, clear, and free from uncertainty in its procedure. We may suggest, however, that counsel for a respondent might prevent such delay in the hearing of an appeal by at once, upon the service of such defective brief, applying to the court for an order directing appellant to serve and file a supplemental record, as required by the amended section, and, upon an order extending his time therefor, postpone the filing of his brief until a proper record is presented.

In the instant case, while the record is defective as illustrating most of the alleged errors, it is sufficient in presenting two points urged for a reversal, both of which are covered by respondent's brief, and since upon one of them we think the judgment must be reversed, we feel the interests of the parties will be best served by disposing of the question, rather than by continuing the hearing to the next calendar.

[1] It appears that the deed made by plaintiff to McDermott was a grant deed. Nevertheless he claims that it was intended by the parties as a mortgage to secure a loan. The burden was upon him to establish the fact that, though in form unconditional, it was intended as a mortgage. For this purpose he offered in evidence a letter purporting to be signed by J. F. McDermott, the effect of which was to prove plaintiff's contention. The genuineness of the signature thereto was not admitted, and plaintiff, over defendant's objection, was permitted to testify that he knew the handwriting of J. F. McDermott and that the signature attached to the letter was that of McDermott, and thereupon it was admitted in evidence. In so ruling the trial court erred.

Section 1880 of the Code of Civil Procedure provides that: "The following persons cannot be witnesses: . . . 3. Parties or assignors of parties to an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted, against an executor or administrator upon a claim, or demand against the estate of a deceased person, as to

any matter of fact occurring before the death of such deceased person.'' It clearly appears that the witness was a party to an action prosecuted by him against the executor of deceased, upon a claim arising in a transaction had by him with defendant's testator and made against his estate, and that the subject of plaintiff's testimony as such witness was the fact as to whether or not the deceased in his lifetime signed the letter, and without proof of which fact the contents of the letter could not be received in evidence. As to whether McDermott agreed to what was stated in the letter was made to depend upon whether he signed the same or authorized his signature thereto. Respondent directs our attention to the cases of *Cowdery* v. *McChesney,* 124 Cal. 363, [57 Pac. 221], and *Roche* v. *Ware,* 71 Cal. 375, [60 Am. Rep. 539, 12 Pac. 284], which decisions are to the effect that in an action upon a claim, proof of which appears in the books of account caused to be kept by deceased, such plaintiff, who, as bookkeeper for deceased, kept the books or is cognizant of their correctness, may, notwithstanding the provision of section 1880 of the Code of Civil Procedure, testify to facts the establishment of which is a necessary prerequisite to the admission of the books in evidence. To our minds, however, these cases cannot be deemed authority upon which to support the rulings of the court in permitting the testimony here received. While there was other testimony which, in a slight degree, bore upon the question as to whether or not the deed was intended as a mortgage, it was of a very meager nature, and hence it cannot be said that the court would have reached the conclusion it did without the added weight given by the contents of the letter.

[2] The claim which forms the basis of the action was presented on October 7, 1916, which was in due time, and following its rejection this action was instituted within three months thereafter, as provided by the statute. It further appears that theretofore, on March 9, 1916, the executor had forwarded to plaintiff, then in Florida, a claim which he executed and sent to the executor. This claim was defective and insufficient as the basis upon which to found an action, by reason of which fact the subsequent claim was presented within the time plaintiff was entitled to present the same. Nevertheless, appellant, upon the authority of *Gillespie* v. *Wright,* 93 Cal. 169, [28 Pac. 162],

insists that the action should have been brought upon the claim first filed, and, since it was not instituted until more than three months thereafter, the action on the second claim was barred. On the contrary, if a party makes an improper attempt to present a claim to an administrator, particularly where it is so defective as to be insufficient to constitute the basis for a cause of action, he is not estopped from presenting one in due form, if within proper time, and upon which an action may be based. (*Westbay* v. *Gray*, 116 Cal. 660, [48 Pac. 800]; *Warren* v. *McGill*, 103 Cal. 153, [37 Pac. 144].)

For the want of a sufficient record upon which to consider them, other alleged errors are not discussed.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on February 21, 1920, and the following opinion then rendered thereon:

THE COURT.—Respondent's petition for a rehearing is denied.

The decision is not based upon the ground that the testimony of Palmer was received over defendant's objection, but founded upon the fact that section 1880 of the Code of Civil Procedure declares that a party in an action prosecuted against an executor upon a claim arising in a transaction with a deceased person cannot be a witness as to any matter of fact occurring before the death of the deceased. Hence, conceding, as claimed by petitioner, that no objection was interposed to the reception of the testimony given by Palmer, nevertheless the same must be deemed of no evidentiary value.