In the Municipal Court, City of Los Angeles, County of Los Angeles, State of California

Elsa L. Rogers, Plaintiff,

vs.

Edith M. McKibben, Defendant.

This action, instituted in the Justice Court, declared upon two causes of action: one for the value of services and the other upon a stated account for legal services rendered, by plaintiff's assignors.

The facts appearing from the evidence are that defendant and her deceased sister were the record and joint owners of a parcel of real estate. Upon the death of the sister, the defendant employed plaintiff's assignors to render services as attorneys for her in administering upon the sister's estate, which consisted solely of an undivided half interest in said real property.

There is no conflict in the evidence as to the fact that defendant informed said attorneys that the property was incumbered to the extent of $8900.00, and that part of said indebtedness was "secured by a trust deed."

In the inventory, no statement is made of any incumbrances on the property; the undivided half interest in said property was appraised at the sum of $4500.00. There was no cash in the estate, and no claims were presented against it. Upon the filing of the first and final account and petition for distribution, the entire estate

was distributed to the defendant. No action was taken in said proceeding in the matter of attorney's fees, but it appears that attorney's fees informed by the attorneys that attorney's fees in such instances were "fixed by law," and some time after the distribution of the estate, a statement was rendered to the defendant for a total of $211.75, one of the items thereof being "Services rendered in probating the above estate $210.00," and that and subsequent occurrences are relied upon as establishing a stated account. It appears from the evidence and from computation that the claimed fee equals that allowed by law upon an estate "accounted for" of the value of $4500.00.

A judgment cannot be rendered upon the cause of action upon the asserted stated account because it alleges the amount of the stated account to be $215.75, and the evidence offered by the plaintiff was an indebtedness in that amount, whereas the only statement alleged to have become stated was for the amount of $211.75.

In McCarthy vs. Mt. Tecarte Co., 111 Cal. 328, the Court said:

"In this action, respondent must rely upon the alleged stated account of September 11th as it stood stated on that day. If it was afterward opened up, it cannot stand as a cause of action."

Furthermore, I do not believe that there was express assent or such implied assent as is requisite to constitute a stated account; for one reason, if there was assent, it was under the belief of the defendant that the amount of the fee therein stated, (to wit, $210.00) was "fixed by law."

The case was tried upon the theory that, even if plaintiff's assignors had known of the existence and extent of the indebtedness against the property, secured in part by a mortgage and in part by a "trust deed," and even though the existence of such incumbrances had been shown in the inventory, nevertheless their fees would have been computed upon the "appraised value" of the estate, if their fees had been determined and allowed in the proceedings in probate, and that, in this action, that should be the basis for computation of their fees.

The law seems to be that where property subject to an incumbrance is sold or distributed, the executor (and hence his attorney) is entitled only to commissions on the net purchase price or interest of th eestate over and above the incumbrance. (Estate of Pearce, 149 Cal. 167 and cases therein cited; Estate of Fernandez, 119 Cal. 579.)

In Bennett vs. Potter, 180 Cal. 736, the action was for attorney's fees; the complaint was in four counts, one of which was upon an express contract and another upon a "stated account." The Court said:

"The contract was drawn by the plaintiff, Bennett. Hence, it is to be interpreted most strongly against the plaintiffs. This rule is accentuated by the fact that plaintiffs were attorneys at law . . . while the defendant was a business man with no special knowledge of or familiarity with the subject."

Because of the fact that a "stated account" is a contract, I feel that the question as to whether or not the account in the instant case had become stated should be governed by the rule expressed above.

The case of Craig vs. Lee, 36 Cal. App. 335, was also an action for attorney's feet alleged to be due upon an account stated: on April 22, 1912, the plaintiff in that action sent to the defendants, by mail, a statement of his account. That letter or statement was not answered. On the 18th of August, 1913, the plaintiff wrote another letter to the defendants and enclosed a promissory note in the amount of his bill which he requested the defendants to execute. On August 22, 1913, defendant Lee answered to the effect that he "expected to receive some money at an early date, and when funds were available, he would endeavor to adjust the account. Respecting the request for a note, the letter states: 'The time is so short that I do not deem it necessary to issue any note at this time.' Later on in the same year, plaintiff again wrote defendants asking for a settlement of his bill to which defendants shortly thereafter replied that they were anxious to pay all their debts but that, at that time, they were without funds, but that, in the near future, they expected to receive some money, in which case they would endeavor to adjust the account forthwith. In addition to these letters, there was a conversation between plaintiff and defendants in which the latter said they would be able to 'settle up.'" The Court said of those facts and circumstances:

"It is conceded, as of course it must be, that the conversation did not create an 'account stated.' From the other correspondence, we think it cannot be held that an account was stated between the parties."

In this case, it is not disputed that the net interest of the estate in the property distributed therein was $50.00, as shown by deducting the incumbrances from the appraised value of the property.

Applying the canons of ethics of the Los Angeles Bar Association to these facts, I find that, in determining the amount of the fee, it is proper to consider: (1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the cause; (2) the amount involved in the controversy and the benefits resulting to the client from the services.

Judgment for the plaintiff in the sum of $105.75.

(Signed)                    CHAS. B. MacCOY,
                                        Judge.