[Civ. No. 4644. Second Appellate District, Division Two.—January 11, 1928.]

AMERICAN MUTUAL LIABILITY INSURANCE COMPANY (a Corporation), Respondent, v. CHICAGO-LOS ANGELES BUILDING CORPORATION (a Corporation), Appellant.

Ray Howard for Appellant.

John D. Home for Respondent.

HAZLETT, J., *pro tem.*—This was an action on an alleged account stated in the sum of $655.67. The answer denied that defendant, the appellant herein, became indebted to plaintiff on an account stated or otherwise in said or any sum or that any sum was owing or unpaid from defendant to plaintiff. No other issue was presented by the pleadings.

A stipulation of facts was made by the parties and was considered by the lower court, in which stipulation the parties agreed, among other things, that plaintiff "had demanded of the defendant the sum of $655.67, claiming the same was due upon a policy . . . of compensation insurance

issued by plaintiff, as insurer, to defendant, as insured, under which plaintiff insured defendant as employer against liability under the Workmen's Compensation Law, and that at all times after the making of such demand, defendant had refused to pay the same, or acknowledge liability therefor; . . . that the said amount of $655.67 was the correct amount . . . without having deducted the dividend which defendant claimed on account of the participating clause (in the policy). That defendant had notified plaintiff that it was entitled to an accounting under the clause of said policy providing for participation by the insured in the earnings of the insurer, but that such right to an accounting had been at all times disputed by plaintiff on the ground that it was not permitted to allow any such participation on account of said policy, by reason of the provisions of section 602b of the Political Code of California."

The facts that demand was made by plaintiff upon defendant for the payment of the sum claimed; that the claim was disputed by defendant; that defendant refused to pay it and that there was no acknowledgment by defendant of the claim, are established by the stipulation.

Defendant (appellant) contends that "The court erred in making its finding that the defendant accepted and acquiesced in the demand or account stated sued upon," and that "The court erred in finding that the sum of $655.67 became due, owing and unpaid."

The question to be determined is whether an account was stated between the parties.

Our courts have uniformly held that: " 'An account stated presupposes an absolute acknowledgment or admission of a certain sum due or adjustment of accounts between the parties, the striking of a balance, or an assent, express or implied, to the correctness of the balance. If the acknowledgment or admission is qualified and not absolute, or if there is but an admission that something is due without specifying how much, there is no account stated, nor does an account stated exist if there is but a partial settlement of accounts without arriving at a balance, or if there is a dissent from the balance as struck.' (1 Corpus Juris, p. 695, par. 2871; *Coffee* v. *Williams*, 103 Cal. 556 [37 Pac. 504].)" (*Craig* v. *Lee*, 36 Cal. App. 335 [171 Pac. 1089].)

"There must be a clear and definite acknowledgment of the debt, a specification of the amount due, or a reference to something by which such amount can be definitely and certainly ascertained." (Citing cases.) (*Outwaters* v. *Brownlee*, 22 Cal. App. 535, at p. 539 [135 Pac. 300]; *Merchants National Bank* v. *Carmichael*, 178 Cal. 446, at p. 448 [173 Pac. 999]; *Ah Tong* v. *Earle Fruit Co.*, 112 Cal. 679, at p. 682 [45 Pac. 7]; *Auzerais* v. *Naglee*, 74 Cal. 60, at p. 63 [15 Pac. 371].) It clearly appears that no account was stated.

The judgment is reversed.

Works, P. J., and Craig, J., concurred.