### GREENWALT, Ex'x, v. LABENNE.

No. 21862.    March 20, 1934.

M. A. Dennis, for plaintiff in error.

Gilder & Beckett, for defendant in error.

PER CURIAM. On March 11, 1926, A. Labenne, as first party, made a written contract with the Oklardo Oil Company, a corporation, and H. L. Greenwalt, as second parties, to drill a well for oil and gas "to the second Deaner sand," which they estimated at 2,500 feet, for which the second parties agreed to pay as set forth in the contract. The well was completed to a depth of 2,495 feet, which complied with the written contract. Then, under an oral agreement, it was drilled deeper at an agreed price of $70 for 24 hours' drilling, and was finally completed at 2,813 feet.

H. L. Greenwalt departed this life on April 12, 1927, and his wife was immediately appointed executrix of his estate. She was presented with an account for allowance against the estate, the affidavit on said account being in words and figures as follows:

"* * * A. Labenne being duly sworn, deposes and says: That the above claim against the estate of Howard L. Greenwalt, deceased, late of the county of Okmulgee, state of Oklahoma, is justly due and owing to said A. Labenne. That no payments have been made thereon except such as are credited upon said claim, and that there are no offsets or counterclaims against the same to the knowledge of affiant. * * *

"Subscribed and sworn to before me, the 14th day of October, 1927.

"Geo. L. Dalby,
"Notary Public.
"Seal.
"My Commission expires March 2, 1929."

At the conclusion of the evidence in the trial of the case the court made the following findings:

"* * * From all the facts and evidence

in the case, the best the court can make out—the total amount of indebtedness charged is $6,224.53. Under the contract as accepted by all the parties, the party of the first part was to pay $200 on the purchase price of the lease to be taken out of the contract price, which leaves $6,024.53. Greenwalt's share of that, as well as I can get at it, is $1,511.42. The plaintiff has admitted receiving checks introduced in evidence, from H. L. Greenwalt, in the sum of $1,192, leaving a balance due on the amount sued for, $319.42. The court is of the opinion that a full, itemized statement should have been made, but, in order to give the plaintiff the full benefit of the doubt, as long as he has no itemized statement, the court took it to be his due to make a sort of accounting in this case. Therefore, judgment will be for the plaintiff in the sum of $319.42, which I take it, is the balance due him under this contract. By. Mr. Gilder: With interest at 6 per cent. By the Court: Yes, interest at 6 per cent."

Section 1234, Comp. Stats. 1931, reads as follows:

"Proof of Claims. Every claim which is due when presented to the administrator must be supported by the affidavit of the claimant or some one in his behalf, that the amount is justly due, that no payments have been made thereon which are not credited, and that there are no offsets to the same, to the knowledge of the claimant or affiant. If the claim be not due when presented or be contingent, the particulars of such claim must be stated. When the affidavit is made by a person other than the claimant, he must set forth in the affidavit the reason why it is not made by claimant. The executor or administrator may also require satisfactory vouchers or proof to be produced in support of the claim. If the estate is insolvent, no greater rate of interest shall be allowed upon any claim, after the first publication of notice to creditors, than is allowed by law on judgments obtained in the district court."

The first error complained of was that the oral contract was in conflict with the written contract to drill the well for oil and gas. The undisputed facts show that the first contract was in writing and called for a well to the second Deaner sand at about 2,500 feet, and at a depth of 2,495 feet the written contract was completed, and there can be no dispute about these facts. Now, in the face of these undisputed facts, most certainly the parties to the written contract could make an oral contract to drill the well deeper than was called for in the written contract, so that there can be no merit in this assignment.

It is contended that the court erred in refusing to allow certain credits, but, judging from the finding of facts by the court, he went into an accounting and found that the estate owed A. Labenne the sum of $319.42 with 6 per cent. interest, and rendered judgment therefor. From this an appeal is prosecuted, alleging error; but, how could there be error after the trial court, sitting as a jury, found from the evidence and the facts against the estate? This court has held repeatedly that no error of law is presented on a controverted question of fact.

The last contention is that under section 1234, C. O. S. 1921, it was necessary that the defendant in error, A. Labenne, should have signed his name to the affidavit relative to the correctness of his account before he presented same to the executrix of the estate. Let us examine the language of the statute, and from that determine whether his signature is essential:

"Every claim which is due when presented to the administrator must be supported by affidavit of the claimant. * * *"

This language does not require that affiant sign the affidavit, but that the account must be supported by affidavit of claimant. Then the question involved here is: "Can an affidavit be made without a signature?" We are of the opinion that it is useless to enter into a lengthy discussion of this question. This account is sworn to as being just, due, and unpaid, and all offsets allowed, and we are of the opinion that the affidavit is in conformity with the statute in all respects, except the question raised that the affidavit was not signed. There is no contention made that the defendant in error, A. Labenne, did not swear to the account. It is essential that affidavits be made as to the correctness of the account. We are of the opinion that the account in controversy substantially complies with the statute; therefore, the case will be affirmed.

The Supreme Court acknowledges the aid of District Judge Newman, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by the court.