## WILLIAMS et ux. v. WEBB.

No. 23499.    Sept. 17, 1935.

Moss, Breckinridge & Young, for plaintiffs in error.

Yancey, Spillers & Fist, for defendant in error.

PER CURIAM. This was an action brought for the collection of $97.50 by T. C. Webb, doing business as T. C. Webb Women's Wear, against Mr. and Mrs. I. B. Williams. The amount in controversy is allegedly due upon the sale of a coat by plaintiff's store to one of the defendants. The defendants admitted that no amount had been paid for the coat, but denied the purchase, and consequently the debt. Both the plaintiff and defendants agree that the coat was originally taken out on approval on October 30, 1930. However, plaintiff avers that said coat was

to be returned the following morning if unsatisfactory. This the defendants denied, and further stated that Mrs. Williams, one of the defendants, telephoned an employee of the plaintiff the next day, and told her to come and get the coat, that it was not satisfactory. There was no denial of this by the plaintiff, and therefore it stands uncontroverted. However, on the next following day, November 1st, Mrs. Williams was in plaintiff's store and upon which day plaintiff's evidence shows. that Mrs. Williams, one of the defendants, charged the coat in question and signed a credit card and a regular charge slip used by the store. Mrs. Williams denies charging the coat and signing the charge slip, but does admit signing the credit card that day and the similarity of the signatures purported to be hers. Testimony as to various dealings is presented in the record showing the actions and conversations which took place between the parties for a period of time thereafter, which consisted almost entirely of allegations and denials of both parties with relation to defendant's efforts to return the coat and plaintiff's refusal to accept it; the garment finally remaining in the possession of a messenger due to the fact that neither plaintiff nor defendant would take it.

The case proceeded to trial to the court, jury having been waived, and a verdict and judgment was rendered in favor of the plaintiff in the sum of $97.50, with interest at the rate of six per cent. per annum from date of sale.

This case comes up on appeal from the common pleas court of Tulsa county.

The parties will be referred to herein as they appeared in the trial court.

Defendants predicate their appeal upon the ground that their evidence regarding the telephone conversation is uncontradicted and therefore stands as a waiver or extension of any alleged agreement for the return of the coat on October 31st, and contend the tender of the coat was made in a reasonable time thereafter to the plaintiff.

Without passing upon the question of whether or not such uncontradicted evidence would raise a question of law as to sale, it is sufficient to say here that all material testimony of defendants regarding the signing of the charge slip and the credit card and the alleged efforts to return the coat are in controversy with the plaintiff's evidence on those points. Therefore, even if we acquiesce in defendants' claim that certain evidence stands uncontroverted, we are still faced with the fact that pertinent matters regarding the purported sale, charge and return of the merchandise, occurring both before and after the telephone conversation in question, are in controversy and clearly presented a question of fact to the trial court sitting as a jury. Consequently, defendants' sole contention is that the trial court erred in its finding of fact, and from this an appeal is prosecuted.

In the case of Phelan et al. v. Stockyards Bank et al., 168 Okla. 232, 32 P. (2d) 270, this court held:

"This is an action at law. When a cause is tried to the court in an action at law without the intervention of a jury and there is a conflict in the evidence on the issues joined, the determination of the questions of fact therein is for the trial court, and the Supreme Court on appeal will not weigh the evidence or determine as to the credibility of the witnesses, that question being one for the trial court; and, where there is evidence reasonably tending to support the findings of the trial court, in an action at law these findings will not be disturbed on the weight of the evidence. We have announced this proposition of law many times. See Harlow's Oklahoma Civil Digest, vol. 1, pp. 240-243."

See, also Greenwalt v. Labenne, 167 Okla. 508, 30 P. (2d) 873; Ward et al. v. Continental Ins. Corporation et al., 165 Okla. 20, 24 P. (2d) 654.

It is our opinion that the trial court carefully weighed the evidence in this case and that the judgment rendered therein is amply supported by the record.

Judgment affirmed.

The Supreme Court acknowledges the aid of Attorneys J. N. Roberson, H. L. Fogg, and J. L. Trevathan in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Roberson and approved by Mr. Fogg and Mr. Trevathan, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.