### RICHISON, Adm'x, v. MORRIS-MORTON DRUG CO.

No. 27139.    March 1, 1938.

A. E. White and E. O. Clark, for plaintiff in error.

Varner & Varner, for defendant in error.

CORN, J. This action was commenced in the district court of Le Flore county by Morris-Morton Drug Company, a corporation of Ft. Smith, Ark., against Gertrude Richison, administratrix of the estate of M. Van Matre, deceased, upon a rejected claim for money due on open account for goods, wares, and merchandise sold to the deceased. The cause was tried to a jury, resulting in a verdict for the plaintiff and against the defendant in the sum of $3,146.06. The court rendered judgment upon the verdict for said sum, and the defendant brings this appeal. The parties are referred to herein as they appeared in the trial court.

On April 14, 1926, the plaintiff presented to the administratrix a claim against the estate for the account. The claim was sup-

ported by an unsigned affidavit of Roy M. Johnston, president of the Morris-Morton Drug Company. The claim was disallowed by the administratrix and returned by mail to the plaintiff without any memorandum thereon showing why it was disallowed.

The plaintiff's attorney being of the opinion that the rejected claim was legally insufficient, a second claim was prepared, supported by an affidavit which showed that the claimant was a corporation and that the affiant was its president and was duly authorized to make and file the claim, and the affidavit this time was subscribed and sworn to before a notary public. This second claim was presented and rejected on May 6, 1926. Both claims were presented within the time allowed by law and specified in the notice for presenting claims.

Suit was filed on the second claim on August 1, 1926, which was less than three months from the date on which the second claim was rejected, but more than three months after the first claim was rejected.

The only question presented by this appeal is whether the suit was filed within the time provided by section 1239, O. S. 1931, which provides that suit must be brought within three months after date of rejection, otherwise the claim is barred. In other words, whether the period of limitation began to run when the first claim was rejected, or when the second claim was rejected.

The plaintiff contends that the first claim presented and rejected was legally insufficient upon which to base and maintain an action because of the incompleteness and insufficiency of the supporting affidavit, and that as a matter of right the plaintiff was entitled to present the second claim with the defects eliminated, and one upon which the plaintiff was willing to take the risk of maintaining an action. On the other hand, the defendant contends that the first claim was legally sufficient and that the plaintiff could have maintained its action, had such action been taken within three months after the rejection thereof; but that the statute began to run from the date of the rejection of the first claim, and the period for commencing action having expired before suit was filed on the second claim, said action was barred by the statute of limitations.

Section 1234, O. S. 1931, provides as follows:

"Every claim which is due when presented to the administrator must be supported by the affidavit of the claimant or some one in his behalf, that the amount is justly due, that no payments have been made thereon which are not credited, and that there are no offsets to the same, to the knowledge of the claimant or affiant. If the claim be not due when presented, or be contingent, the particulars of such claim must be stated. When the affidavit is made by a person other than the claimant, he must set forth in the affidavit the reason why it is not made by claimant. The executor or administrator may also require satisfactory vouchers or proofs to be produced in support of the claim. If the estate is insolvent, no greater rate of interest shall be allowed upon any claim, after the first publication of notice to creditors, than is allowed by law on judgments obtained in the district court."

As to the necessity of the signature of the affiant to an affidavit, the authorities generally hold that, in the absence of an express provision of a statute requiring it, the signature is not essential to the validity of the affidavit, where it appears by certificate of competent attesting officer that the affiant made oath to it. And this court so held in the case of Greenwalt, Ex'x, v. Labenne, 167 Okla. 508, 30 P.2d 873, paragraph 3 of the syllabus, as follows:

"Under section 1234, O. S. 1931, it is not essential in making proof of a claim against an estate of deceased that it be signed by affiant, where the affidavit shows it was sworn to by affiant, and was duly acknowledged under seal and attested by an officer authorized to administer oaths."

In that case no contention was made that the affiant did not swear to the account. Likewise, in the case at bar there was no testimony offered to show that the affiant did or did not swear to the account as indicated by the jurat of the notary public. An affidavit of this nature should always be signed to avoid contention, but the foregoing statute does not expressly require the signature, and we are of the opinion that the affidavit in question is sufficient in this respect, where it appears that the affidavit was made under oath before the attesting notary public.

The statute, however, clearly requires that when the affidavit is made by a person other than the claimant, he must set forth in the affidavit the reason why it is not made by the claimant. A review of the authorities discloses a lack of uniformity in the rulings of the courts upon this provision of the statute, some requiring a strict construction and others a more liberal construction. In the case of Burke v. Unger, Adm'r, 88 Okla. 226, 212 P. 993, this court held that where an affidavit was made by an attorney and he gave no reason why it was not

made by the claimant, the claim having been rejected, the affidavit was fatally defective, and an action could not be maintained thereon, and that a petition based on such rejected claim did not state a cause of action, and that the filing of such petition did not arrest the running of the statute of limitations upon the notes which were the basis of the claim sued upon. In that case the court cited with approval two California cases construing an identical statute, the same being Perkins v. Onyeatt, 86 Cal. 348, 24 P. 1024, where the supporting affidavit, which was made by an agent of the claimant without setting forth in the affidavit why it was not made by the claimant, was held insufficient; and Maier Packing Co. v. Frey, 5 Cal. App. 80, 89 P. 875, where the affidavit was made by "Maier Packing Co., by Simon Maier, Pres." without stating that the company was a corporation, and the affidavit was held insufficient in not assigning some reason which would relieve the claimant from making it.

The more liberal view is expressed in the case of Sullivan, Adm'r, et al. v. Southern Surety Co., 118 Okla. 73, 246 P. 611, wherein this court held that the requirements of the statute were satisfied by an affidavit that affiant was the duly authorized agent of the claimant, in the absence of any demand by the administrator for further proof of affiant's authority, citing Westinghouse Electric & Mfg. Co. v. Robison, 42 Okla. 754, 142 P. 1105, and quoting therefrom the following:

"The claim presented was a valid claim against the estate; no question was urged against its validity, other than the form of verification. The presentation and verification of the claim is only a procedure in the settlement of the estate and a substantial compliance with section 5278, supra (sec. 1235, C. S. 1921), is all that is required. Ample protection is afforded by this section against the allowance of illegal claims, in that provision is made that the administrator may require satisfactory vouchers or proof to be produced in support of the claim if he is dissatisfied. No such request was made."

The court found:

"That said claim, as presented and verified, was and is in substantial compliance with law and sufficient to challenge the attention of said administrator and to enable him to act advisedly thereon. That said claim, as presented to said administrator and as sued upon herein, is a valid claim against said estate and no defense has at any time been made on the merits thereon."

We prefer to follow the rule laid down in these two cases last above mentioned, which is more reasonable and less likely to work a hardship upon creditors, and yet as safe where the executor or administrator has the right to inquire into the authority of the affiant to make the affidavit and into his knowledge of the correctness of claim, than the rule requiring a strict compliance of the statute at the peril of the creditor. A substantial compliance is all that is required.

The question as to whether the limitation period fixed by statute in which action may be commenced upon a rejected claim starts running at once upon the rejection of the first claim, or upon the rejection of the amended claim, is one of first impression in this jurisdiction. However, the question has been decided in other states with statutes similar to section 1239, supra, with the weight of authority holding that if there is a formal defect in the first presentation, the right to present the claim anew is clear. The rule is stated in vol. 3 of Bancroft's Probate Practice, at page 1470, and in section 838, as follows:

"The first presentation of a claim is not conclusive against the claimant prior to action taken thereon looking to allowance or rejection. If the time for filing has not then expired, he is not estopped by his first presentation from making a second presentation in proper form even for a larger amount. Where, moreover, information as to allowance or rejection is refused, it has been held that a claimant may treat his claim as never presented and again present it, relying on rejection of the second presentation as a basis for suit. If there is a formal defect in the first presentation, right to present the claim anew within the time for presenting claims is clear, where for the purpose of correcting the defect. As the Montana court points out:

"'It would seem that a second presentation is absolutely necessary in such case to enable the claimant, if it should be rejected, to maintain his action thereon; for unless the claim upon which he founds his action is in proper form, it will be excluded as incompetent when offered in evidence at the trial.'

"Even the fact that a suit has been brought on a former claim, alleging presentation and rejection by the administrator, does not estop the claimant from bringing action on a second claim. Courts will not permit the statute limiting the time for bringing suit after rejection of a claim to be avoided by such a device where the purpose appears to be merely to avoid the effect of delay. It is not sufficient to start the time for bringing suit running anew that the second presentation differs in form and detail from the

first. But by the weight of authority, if there was a fatal defect in the form or substance in the first presentation, it may be regarded as no presentation at all and the statutory time for bringing suit in such a case accordingly begins to run from the first filing of a formally sufficient claim."

In the case of Palmer v. Guaranty Trust & Savings Bank (Cal. App.) 188 P. 302, paragraph 3 of the syllabus, the rule is stated:

"Where, after a claim so defective that it could not be the basis for an action was rejected, a proper claim was filed within the time allowed, an action might be begun within three months after the rejection of that claim, though more than that time had elapsed since rejection of defective claim."

In the instant case it appears from the facts and circumstances that the plaintiff acted in good faith in filing the second claim after the rejection of the first one because of the doubtful sufficiency of the first claim presented to and rejected by the administratrix. The administratrix rejected the claim and returned it to the plaintiff by mail without any comment as to why it was rejected. Plaintiff submitted the rejected claim to legal counsel and was advised that it was legally insufficient upon which to base an action. The second claim was drafted in strict conformity with the statute and was presented to the administratrix within the time allowed for presenting claims. It also was rejected, and suit was commenced on it within three months after its rejection. The administration of the estate was not delayed on account of filing the claim anew, and moreover, the jury found it to be a just claim.

When the plaintiff acts in good faith, and in time, in presenting claim anew after the rejection of a claim of doubtful sufficiency in form, or incorrectness in substance or detail, the limitation period for bringing action upon the claim starts running at the time of the second rejection and not the first.

The judgment of the trial court is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY and PHELPS. JJ., concur.