[Civ. No. 12646. First Dist., Div. One. Aug. 29, 1944.]

W. D. STARK, Appellant, v. ALMA SWAN McALLISTER, as Executrix, etc., Respondent.

A. L. Crawford and Ralph Bancroft for Appellant.

Landels & Weigel for Respondent.

DOOLING, J. pro tem.—This appeal is taken on the judgment roll from a judgment in favor of defendant. From the findings the following facts appear: On July 17, 1942, appellant filed a creditor's claim against the estate of Byron W. Haines, deceased, as assignee of one Alfred C. Skaife "on stated account for services rendered $1,800.00." On or about July 20, 1942, respondent, as executrix of said estate, rejected this claim and notice of such rejection was given in writing to appellant on July 22, 1942. No action was brought on this claim within three months as required by section 714, Probate Code. On October 23, 1942, appellant filed a second creditor's claim as assignee of Skaife which was stated to be "on Stated Account for services rendered, $1700.00." No action was taken by respondent either allowing or rejecting this second claim and on January 19, 1943, this action was commenced on the second claim.

The trial court found, after trial on that issue alone:

"That it is true that said claim presented on October 23, 1942, covers precisely the same asserted obligation of decedent upon a stated account as that covered by the claim presented by plaintiff on July 17, 1942, as to which a notice of rejection was given in writing on July 22, 1942. . . . That it is true

that both claims deal with the same subject matter and that action upon said claim presented on October 23, 1942, is forever barred by the provisions of. Section 714 of the Probate Code of California.''

 To sustain the judgment, respondent relies upon *Gillespie* v. *Wright*, 93 Cal. 169 [28 P. 862], which states the rule that after the presentation and rejection of one claim against the estate of a decedent the time to sue thereon cannot be extended by the later presentation of a second claim based upon the same transaction and merely varying from the first in form or detail. (*Cf*. 34 C.J.S. 743-4, § 732.) This rule is sound and well established but we do not believe that it is properly applicable to the facts of this case, for the reason that the second claim in this case differed from the first in a matter of substance rather than one of form or detail only.

 One of the essential elements of an account stated is that the parties have agreed upon an exact amount as the amount owing from debtor to creditor. (1 Cal.Jur. 195, § 52; *Bennett* v. *Potter*, 180 Cal. 736, 745 [183 P. 156]; *Petrosino* v. *Wakefield*, 138 Cal.App. 336, 341 [31 P.2d 1056]; *American etc. Insurance Co.* v. *Chicago-Los Angeles Building Corp.*, 88 Cal.App. 300 [263 P. 297].) A claim stated to be on an account stated in the sum of $1,800 may be a mistaken attempt to set out a claim based on an account stated in the sum of $1,700, but, if so, it does not adequately or at all describe the agreement of the parties. It no more describes the transaction upon which the claim is intended to be based than a claim for the sale of a cow would describe a transaction based on the sale of a horse, or a contract stated to have been made with Jones would describe a contract actually entered into with Smith, or (to state a more analogous case) a claim on a promissory note in the principal sum of $10,000 would describe a promissory note for $9,000. (11 C.J.S. 36.)

While authority on the precise subject appears to be scanty, the Supreme Judicial Court of Massachusetts, in the single case that we have found, held in *Barker Auto Co.* v. *Bennett*, 219 Mass. 304 [106 N.E. 990], that a complaint alleging an account stated in one amount would not support a recovery on proof of an account stated in a different amount. Whether or not it would be so held in California we do not find it necessary to decide. Recently our courts have greatly relaxed the rule requiring nicety of statement in creditor's claims, and exact agreement between the statement in the claim and

the allegations of the complaint based thereon and the claimant's proof. (*Tabata* v. *Murane,* 24 Cal.2d 221 [148 P.2d 605] ; *Syler* v. *Katzer,* 12 Cal.2d 348 [84 P.2d 137, 119 A.L.R. 422] ; *Lundberg* v. *Katz,* 44 Cal.App.2d 38 [111 P.2d 917].) It may well be under these decisions that plaintiff's first claim setting forth an account stated of $1,800 would have supported an action based on an account stated in the sum of $1,700, or that plaintiff would have been permitted to amend his claim to change the figure set out therein from $1,800 to $1,700. (*United States Gypsum Co.* v. *Shaffer,* 7 Cal.2d 454 [60 P. 2d 998].) If so, this does not alter the fact that the first claim as presented differed from the second claim in a material particular, and certainly no careful lawyer would want to go to trial on a claim or complaint alleging an account stated in one amount when he knew that his proof would establish an account stated in some other amount.

Our courts have been liberal in permitting the filing of second claims where the first claim filed was materially defective (*Palmer* v. *Guaranty T. & S. Bank,* 45 Cal.App. 572 [188 P. 302] ; *Burr* v. *Goodwin,* 126 Cal.App. 539 [14 P.2d 808] ; *McNeal* v. *Foreman,* 117 Cal.App. 155 [3 P.2d 583]) and a like liberality is shown in other jurisdictions (*Richison* v. *Morris-Morton Drug Co.,* 182 Okla. 188 [76 P.2d 1069] ; *Hammond* v. *Waddingham,* 127 Wash. 234 [220 P. 796] ; *Lindsay* v. *Hogan,* 56 Mont. 583 [185 P. 1118]).

In *Lindsay* v. *Hogan, supra,* the first claim erroneously stated the services to have been rendered at a date which was after decedent's death. After its rejection a second claim stating the correct date was filed. The Montana Supreme Court said: ''The claim presented in July contained an impossible date; hence the presentation was nugatory, and plaintiff was at liberty to make the presentation on October 26.''

In *Richison* v. *Morris-Morton Drug Co., supra,* the verification to the first claim was duly certified by the notary but did not bear the affiant's signature. After its rejection a second claim bearing the affiant's signature to the verification was filed and action brought thereon. The Supreme Court of Oklahoma, after holding that the first claim was legally verified despite the lack of affiant's signature, decided, nevertheless, that the second claim was properly filed. After reviewing the authorities, that court concluded:

''The administration of the estate was not delayed on account of filing the claim anew, and, moreover, the jury found it to be a just claim.

"When the plaintiff acts in good faith, and in time, in presenting claim anew after the rejection of a claim of doubtful sufficiency in form, or incorrectness in substance or detail, the limitation period for bringing action upon the claim starts running at the time of the second rejection and not the first."

The second claim was filed herein within the time allowed for filing claims against creditors, the due and orderly administration of the estate was in no wise delayed thereby, and the second claim was necessary to correct the first in a material particular. We are satisfied that a plaintiff should not be compelled to go to trial on a claim which varies in a material statement of fact, one which is basic to his cause of action, from the cause of action actually relied upon, and that in a case such as this where the first claim filed materially misstates the true transaction which is the basis of his cause of action the claimant may, within the time allowed for presentation of claims, present a second claim correctly setting forth the material facts upon which he relies.

This does not mean that by merely changing the amount of the claim the creditor will necessarily prevail. If the proof should show an account stated for $1,800, the creditor cannot by waiving the $100, reinstate the claim already barred. The executrix should be able to defend on the ground that, if there was an account stated it was for $1,800 which was barred, and, if the court finds that the only account stated was for $1,800, it should find for the executrix.

The judgment is reversed.

Peters, P. J., and Knight, J., concurred.